

# The Attorney General of Texas

September 9, 1986

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

, Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Chester V. Hines
County Attorney
Houston County Courthouse
Crockett, Texas   75835

Opinion No. JM-540

Re:  Whether a county hospital dis-
trict is liable for emergency health
care administered in a hospital in
another county to an indigent resi-
dent of the hospital district

Dear Mr. Hines:

You inquire whether a hospital district is liable for emergency health care administered to an indigent resident of the hospital district in a county public hospital of another county prior to September 1, 1986. Section 15(a) of the Indigent Health Care and Treatment Act, codified as article 4438f, V.T.C.S., provides, among other things, that health care assistance provided before September 1, 1986, is governed by the law in effect at the time the assistance was provided.

You advise us that an indigent resident of Nacogdoches County required emergency medical treatment which was supplied by a county public hospital of another county that does not have a hospital district. It is our opinion that the Nacogdoches County Hospital District is liable for such medical treatment.

The Nacogdoches County Hospital District, composed of the entire county, was created by chapter 431, 60th Legislature, 1967, in accordance with the provisions of article IX, section 9 of the Texas Constitution. Article IX, section 9 provides, in part, that a hospital district created thereunder

> shall assume full responsibility for providing medical and hospital care for its needy inhabitants. . . .

Chapter 431, section 19 of the 60th Legislature states that the Nacogdoches County Hospital District

> shall assume full responsibility for the operation of all hospital facilities for the furnishing of

> medical and hospital care for its needy inhabitants. . . .

The language of chapter 431, section 19 does not does not reduce the responsibility of the hospital district for the care of its needy inhabitants that is mandated by article IX, section 9, of the constitution.

Prior opinions of this office have dealt with similar responsibility of hospital districts. Attorney General Opinion M-171 (1967) held that a hospital district, created pursuant to section 9 of article IX of the Texas Constitution, has the full responsibility for providing medical and hospital care for indigent residents of the district and that, when the hospital district cannot adequately discharge its responsibility to an indigent inhabitant because of a lack of sufficient hospital facilities, it may send the indigent to a hospital outside the district and pay for such out-of-district expenses. Attorney General Opinion M-870 (1971) advised that the hospital district of the residence of an indigent prisoner is liable for the medical bills incurred in his treatment, notwithstanding the fact that the treatment was administered in a hospital outside the boundaries of the hospital district. Attorney General Opinion H-703 (1975), citing Attorney General Opinion M-870, reiterated the opinion that where a prisoner is an indigent resident of a hospital district, the hospital district of his residence was constitutionally responsible for his care and was liable therefore. See also Attorney General Opinion JM-487 (1986) (following opinions M-171, M-870, H-703 and concluding that hospital districts of the residence of indigent prisoners are liable for their medical bills regardless of the county in which treatment was received). Cf. Attorney General Opinion JM-257 (1984) (citing prior opinions in noting that in fulfilling its constitutional duty to assume full responsibility for medical and hospital care for its needy inhabitants, a hospital district has authority to pay the medical expense incurred in sending a needy inhabitant to a medical facility outside the district because of lack of facility); Attorney General Opinion M-1154 (1972) (citing prior opinions upholding right of hospital district to pay private hospital for care rendered to needy and indigent persons of the district where it was not practical to treat such persons in the hospital district's own facilities).

Hence, it is our opinion that the Nacogdoches County Hospital District is liable for the emergency health care administered to an indigent resident of that district in a county public hospital of another county.

<u>S U M M A R Y</u>

A hospital district created under article IX, section 9 of the Texas Constitution, is liable for emergency health care administered prior to September 1, 1986, to an indigent resident of the hospital district in a county hospital of another county.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Nancy Sutton
Assistant Attorney General